# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 9, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| THOMAS SHINSKEY       * | |
|                                     * | No. 15-713V |
|                  Petitioner,        * | |
| v.                                  * | Special Master Gowen |
|                                     * | |
| SECRETARY OF HEALTH          * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES,          * | Interim Award; Reduction for |
|                                     * | Administrative Tasks |
|                  Respondent.        * | |
| * * * * * * * * * * * * * * * * * * * | |

Amber D. Wilson, Maglio Christopher & Toale, PA, Washington, D.C., for petitioner.
Camille C. Collett, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 15, 2019, Thomas Shinskey ("petitioner") filed his second motion for interim attorneys' fees and costs. Petitioner's Motion for Interim Fees ("Pet. Mot. Int.") (ECF No. 69). After reviewing the petitioner's motion and exhibits in support of the motion, I hereby **GRANT IN PART** Petitioner's Interim Motion, awarding $86,360.45 in attorneys' fees and $29,577.42 in costs, for a total of $115,937.87.

## I.     Procedural History

Petitioner received the Diptheria Tetanus Pertussis (DTP) vaccination on July 30, 2012. Petition at Preamble (ECF No. 1). On July 9, 2015, petitioner, through his prior counsel, filed a timely petition under the National Vaccine Injury Compensation Program.[2] Petition. Petitioner

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

claims that the DTP vaccine caused him to develop Guillain-Barre Syndrome ("GBS") with injuries lasting for more than six months and to present day. *Id.*

On September 11, 2015, the parties filed a Stipulation for Attorneys' Fees and Costs to be awarded to the attorney of record at the time. Stipulation for Fees (ECF No. 8). I awarded the requested attorneys' fees of $5,648.87 and judgment was entered. Decision on Interim Attorneys' Fees and Costs (ECF No. 9). On September 24, 2015, petitioner filed a Motion to Substitute Attorney to Ms. Anne C. Toale. (ECF No. 12).

Respondent filed his Rule 4(c) report on September 30, 2015, recommending compensation be denied. Respondent Report ("Resp. Report") (ECF No. 13). Respondent requested that all records related to petitioner's workers' compensation claim be field. *Id.* Petitioner filed a status report indicating that he had not received or reviewed the requested records and may file a Motion to Exclude such records. Status Report (ECF No. 15). The undersigned gave petitioner an additional 45 days to file the requested documents, observing that petitioner's counsel had recently assumed the case. Scheduling Order (ECF No. 16). The case progressed and on February 19, 2016, I ordered petitioner to file an expert report by April 19, 2016. Scheduling Order (Non-PDF), issued on Feb. 19, 2016.

On April 5, 2016, petitioner's counsel filed a Motion for Substitution of Counsel of Record and Ms. Amber Wilson, the current counsel of record entered her appearance. Consented Motion for Substitution of Counsel of Record (ECF No. 22).

Petitioner filed his first expert report by Dr. Thomas Morgan and corresponding medical literature on September 2, 2016. Notice of Filing (ECF No. 30). Respondent filed his expert report from Dr. Arun Venkatesan and corresponding medical literature on December 1, 2016. Respondent's ("Resp.") Exhibit ("Ex.") A (ECF No. 33) & Resp. Exs. C-H (ECF No. 34). A Rule 5 Status Conference was held on January 1, 2017, where I provided my initial views of the case, indicating that petitioner's expert should have an opportunity to respond to respondent's expert and gave the nature of the case, petitioner should submit a reasonable demand to respondent. Scheduling Order (ECF No. 35). Petitioner filed a status report on February 16, 2017 indicating that the parties had reached an impasse in settlement negotiations and requested a status conference. Motion for Status Conference (ECF No. 38). A status conference was held on February 21, 2017 and petitioner was ordered to file a supplemental expert report by April 24, 2017. Scheduling Order (ECF No. 39).

On May 24, 2017, petitioner filed a supplemental expert report by Dr. Kazim Sheikh and corresponding medical literature. Pet. Ex. 19 & Pet. Exs. 20-28. Respondent filed his supplemental expert report on August 16, 2017. Resp. Ex. P. After reviewing the additional filings, a second Rule 5 conference was held, where I explained that I found Dr. Sheikh's report persuasive and again, encouraged the parties to pursue settlement, as this is a modest damage case. Scheduling Order (ECF No. 48). In the event that the parties were unable to settle this case, the parties agreed to a two-day hearing in March 2020. *Id.* Petitioner was also given an opportunity to respond to respondent's expert's supplemental report. *Id.* On April 13, 2018, petitioner filed his third expert report, from Dr. Omid Akbari. Pet. Ex. 45. Petitioner filed supporting medical literature on April 17, 2018. Pet. Exs. 46-84. Respondent filed a third

responsive report, by Dr. Katheleen L. Collins and supporting medical literature on July 11, 2018.  Resp. Ex. R & Resp. Exs. T-Z and AA-JJ.

A third Rule 5 status conference was held on October 2, 2018.  I reviewed all of the expert reports filed to date in the case.  Petitioner indicated that he is no longer relying on Dr. Morgan.  Respondent agreed to file a report from his expert in neurology, Dr. Venkatesan, clarifying respondent's position regarding petitioner's GBS diagnosis.  Scheduling Order (ECF No. 63).  I also recognized that this is a rather complex case and that additional questions needed to be answered to resolve the matter.  *Id* at 3.  The parties were again encouraged to settle the matter, given that petitioner was no longer undergoing medical treatments for his symptoms and had returned to work.  *Id.* at 4.

Respondent filed a supplemental report from Dr. Venkatesan on November 16, 2018.  Resp. Ex. KK (ECF No. 64).  Petitioner was given the opportunity to file a responsive expert report by April 15, 2019.  Scheduling Order (Non-PDF), issued February 15, 2019.

On March 15, 2019, petitioner filed the instant Motion for Interim Attorneys' Fees and costs and supporting documentation.  Pet. Mot.  He is requesting $88,122.90 in attorneys' fees and $29,577.42 in costs.  *Id.* at ¶¶1 &2.  On March 18, 2019, respondent filed a response to petitioner's motion for interim attorneys' fees and costs. Resp. Response (ECF No. 70).  Respondent "leaves it to the Special Master's discretion to determine whether the statutory requirements for an award of attorneys' fees and costs are met" and if those reasonable requirements are met, to determine what award of attorneys' fees and costs would be reasonable.  Resp. Response at 3.  Petitioner filed a reply to respondent's response on March 19, 2019.  Pet. Reply (ECF No. 71).

## II.     Entitlement to Attorneys' Fees and Costs

### A.  General Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B.  Interim Awards

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs.  In addition, the Vaccine Act permits interim attorneys' fees and costs.  *See Avera*, 515

F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). I find that this claim was brought in good faith and with a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

I find an award of interim attorneys' fees and costs to be appropriate at this time. The claim has been pending in the Vaccine Program for nearly four years. The current counsel has not previously sought interim attorneys' fees or costs. Both parties have filed multiple expert reports from different experts, as this case raises complex issues. Petitioner has also explained that retention of the experts, as well as the protracted nature of this case are causing undue hardship. Pet. Mot. ¶¶ 10-11.

I also recognize the likelihood that this case will not be resolved for some time. An entitlement hearing is scheduled for March 2020. This will generate additional fees and costs. Further, if an entitlement hearing occurs, it will likely be followed by post-hearing briefs. If petitioner is found entitled to compensation, it will take additional time to resolve damages. For these reasons, I find it appropriate to award interim attorneys' fees and costs at this time.

### III. Reasonable Attorneys' Fees and Costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

4

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### i.   Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[3]

In the present case, petitioner requests compensation at the following hourly rates for attorneys and paralegals working on the case from 2015 through 2019:

|  | 2015 | 2016 | 2017 | 2018 | 2019 |
|---|---|---|---|---|---|
| **Attorneys** | | | | | |
| Anne C. Toale | $300 | $367 | $378 | N/A | N/A |
| Amber D. Wilson | N/A | $275 | $290 | $308 | $323 |
| **Legal Assistants/ Paralegals** | | | | | |
| Kimberly Dutra | $135 | $135 | $145 | $148 | N/A |
| Emily Monahan | N/A | N/A | N/A | $148 | $154 |
| Mandy Houston | N/A | N/A | N/A | N/A | $145 |
| Tammie Olagbaju | N/A | N/A | N/A | N/A | $154 |

Ms. Wilson and Ms. Toale's hourly rates are consistent with the Attorneys Forum Hourly Rate Fee Schedule and both have been awarded the requested fees in the past. *See Sewell v. Sec'y of Health & Human Servs.,* No. 12-124V, 2017 WL 6206208 (Fed. Cl. Spec. Mstr. Nov. 13, 2018) and *Solomon v. Sec'y of Health & Human Servs.,* No. 14-748V, 2015 WL 10734155 (Fed. Cl. Spec. Mstr. Dec. 2, 2015).

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on March 25, 2019).

### ii. Hours Expended: Reduction of Billable Hours

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

In this case, petitioner has also provided one chronological list of the entries from all individuals above, which is helpful while evaluating whether the total hours expended are reasonable. Pet. Ex. 86. After reviewing the billing records, the undersigned finds that some adjustment needs to be made to the requested hours. Specifically, petitioner requests compensation for clerical and administrative work, including updating internal files, preparing compact discs and formatting documents. Billing at any rate for clerical and administrative work is not permitted in the Vaccine program. *Rochester v. United States,* 18 Cl. Ct. 379, 387 (1989) (noting that tasks were primarily of a secretarial and clerical nature….should be considered as normal overhead office costs included within the attorneys' fee rates).

Therefore, for the reasons outlined above, I will reduce the total award of Petitioner's requested attorneys' fees for $88,122.90 by two (2) percent. This results in a reduction of Petitioner's Vaccine Act attorneys' fees award by $ 1,762.45.

### B. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. 29, 34. Here, petitioner requests $29,577.42 in interim attorneys' costs including, *inter alia*, the costs associated with obtaining medical records and medical literature and mailings. The bulk of the costs are for the opinions of several experts, who provided well-organized and detailed reports. Pet. Ex. 87. The Court recognizes that the burden of carrying these substantial costs can be quite heavy. If the experts have devoted considerable work on a case and have been awaiting payment for a prolonged period of time, the Court should recognize these facts and award the expert costs on an interim basis.

### i. Expert Hourly Rates

Petitioner has retained three experts: Dr. Thomas Morgan (neurologist); Dr. Kazim Sheikh (neurologist); and Dr. Omid Akbari (immunologist). Dr. Morgan billed at a rate of $400 per hour for a total of $8,800.00. Pet. Ex. 87 at 12. Dr. Morgan's rate has been previously deemed reasonable by other special masters in the Vaccine Program. *See Sewell. Sec'y of Health and Human Servs.,* No. 12-124V (Fed. Cl. Spec. Mstr. Nov. 13, 2017). Accordingly, the hourly rate of $400 per hour requested for Dr. Morgan's expert costs will be awarded in full.

Dr. Sheikh billed at an hourly rate of $500 per hour for a total of $11,000.00. His expertise in this case became necessary when respondent's expert raised the possible alternative

infectious cause of Lyme disease. I allowed petitioner to submit a responsive report, addressing the alternative cause of Lyme disease raised by respondent's expert. Scheduling Order (ECF No. 35). The court has previously awarded Dr. Sheikh a hourly rate of $500.00. *See Robinson v. Secretary of Health and Human Servs.,* No. 15-967V (Fed. Cl. Spec. Mstr. Sept. 12, 2018).

Dr. Akbari billed at an hourly rate of $500 per hour for a total of $9,000.00. Pet. Ex. 87 at 24. After a second Rule 5 status conference, I allowed petitioner to file a report from immunologist. Rule 5 Order (ECF No. 48). As such, petitioner retained Dr. Akbari and filed his report on April 13, 2018 (ECF No. 55). Dr. Akbari has previously been awarded a $500.00 hourly rate. *See Hernandez v. Sec'y of Health & Human Servs.,* No. 16-1508V (Fed. Cl. Spec. Mstr. Aug. 20, 2018). Accordingly, the hourly rate of $500 per hour requested for Dr. Akbari will be awarded in full.

### ii.  Time Expended by Experts

Petitioner submitted three invoices from the experts discussed above that performed work in this case. Dr. Morgan's invoice provides that he expended 22 hours of work for the first expert report. Pet. Ex. 87 at 11-12. Dr. Sheikh's invoice provides that he expended 22 hours to draft his rebuttal report on behalf of petitioner. *Id.* at 27. Dr. Akbari's invoice provides that he expended 18 hours to prepare and complete his expert report. *Id.* at 23-24.

### iii.  Miscellaneous Costs

All other costs total $777.42 incurred by the Maglio firm, including costs obtaining medical records, mailing costs, obtaining medical literature and travel. Pet. Ex. 87 at 1. I find these expenses to be reasonable.

## IV.  Conclusion

In accordance with the foregoing, petitioner is entitled to a reimbursement of interim attorneys' fees and costs as follows:

**Attorneys' Fees**

| | |
|---|---|
| Requested attorneys' fees | $88,122.90 |
| 2% reduction of fees | $1,762.45 |
| **Awarded attorneys' fees** | **$86,360.45** |

**Costs**

| | |
|---|---|
| Awarded attorneys' costs | $29,577.42 |

Accordingly, I award the following:

1) **A lump sum in the amount of $115,937.87, representing reimbursement for petitioner's interim fees and costs, in the form of a check payable to petitioner and her attorney, Amber D. Wilson, of Maglio Christopher & Toale.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing notice renouncing the right to seek review.